**IN THE UNITED STATED DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SHOMARI STATEN** | § | |
| | § | |
| Plaintiff, | § | **CIVIL ACTION NO.** |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **CITY OF DALLAS,** | § | |
| **THE DALLAS POLICE DEPARTMENT,** | § | |
| **BRYAN RODEN, WILLIAM MCDONALD** | § | |
| **LEQUITA GARRETT, TU NGUYEN** | § | |
| **JERRY THOMPSON, RYAN LOWMAN** | § | |
| **BOZ ROJAS, DAN COLLINS, ED ANAYA** | § | |
| **GREG FREGEAU, JOSHUA SHIPP** | § | |
| **JERRI ROWE, NICHOLAS STOLARZYK** | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES Plaintiff, Shomari Staten (herein "Plaintiff"), complaining of Defendant, City of Dallas, Texas, particularly the Dallas Police Department (herein "Defendant"), and for cause would show the Honorable Court as follows:

### I.
### NATURE OF THE ACTION

1.      This is a civil action arising under the United States Constitution, particularly under the provisions of the Due Process Clause and Fourth Amendment of the United States Constitution, and under federal law and in violation of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff is seeking damages against Defendant City of Dallas, Texas, particularly the Dallas Police Department (herein "City") for a pattern of Dallas Police Department (herein "DPD") police misconduct and excessive use of force that has resulted in the malicious prosecution and false arrest of Plaintiff as well as the

1

destruction of Plaintiff's property, under the color of law, with the intent and for the purpose of depriving Shomari Staten of rights secured under the Constitution and laws of the United States.

2.      Plaintiff alleges that Defendant City and its policy makers, specifically the Dallas City Counsel, Mayor Mike Rawlings ("Rawlings") and Chief of Police U. Reneé Hall ("Hall") (collectively referred herein as the "Policymakers") failed to properly train, supervise, screen, discipline, transfer, counsel, or otherwise control officers who are known, or who should have been known to engage in the use of excessive force including those officers repeatedly accused of such acts. The Policymakers had a duty, but failed to implement and/or enforce policies, practices, and procedures for the DPD that respected Shomari Staten's constitutional rights to assistance and protection. Defendant City and it's Policymakers failed to adequately supervise and discipline officers, implement the necessary policies and implementation of unconstitutional policies caused Shomari Staten's unwarranted damages. The DPD officers consciously disregarded the rights of Plaintiff, knowing that the Policymakers would approve and/or ratify their actions.

3.      For these civil rights violations and other causes of action discussed herein, Plaintiff seeks answers and compensation for damages.

## II.
## PARTIES

4.      Plaintiff, Shomari Staten, is a person of full age of majority and a resident of Collin County, Texas.

5.      Defendant, the City of Dallas, Texas is a municipality located in Dallas County, Texas. The City of Dallas operates the Dallas Police Department ("DPD"). The City of Dallas funds and operates the DPD, which along with the Dallas City Counsel, Dallas City Manager, Mayor Rawlings, and Chief Hall are responsible for the implementation of the police department's budget, policies, procedures, practices, and customs, as well as the acts and omissions challenged by this suit. The

2

*Plaintiff's Original Complaint*

DPD is also responsible for preventative, investigative, and enforcement services for all citizens of the City of Dallas. The City of Dallas may be served with citation herein by and through its agent for service of process, Bilierae Johnson, City Secretary, located at 1500 Marilla Street, Room 5 D South, Dallas, Texas 75201 or wherever she may be found.

### III.
### JURISDICTION AND VENUE

6.      Jurisdiction exists in this court pursuant to 28 U.S.C. §§ 1331 and 1343 as this action is brought under, inter alia, the Fourth Amendment of the United States Constitution and 42 U.S.C. §1983, to redress the deprivation of rights, privileges and immunities guaranteed to Plaintiff Shomari Staten, by constitutional and statutory provisions. Plaintiff further invokes the supplemental jurisdiction of this court pursuant to 28 U.S.C. § 1367 to adjudicate pendent claims arising under the laws of the State of Texas.

7.      Venue is proper in this court because the causes of action occurred within the Northern District of Texas.

### IV.
### FACTUAL BACKGROUND

8.      An alarming pattern of behavior has been displayed by DPD towards Plaintiff and/or the business he owns for at least three (3) years. Defendant City has allowed it's employee and Officer's misconduct and harassment to continue to infringe on Plaintiff's constitutional rights and harass Plaintiff to a grossly unfair degree.

9.      All matters have been properly documented and reported to the Dallas Police Department Internal Affairs Division, however the relentless harassment and misconduct has evolved into a blatant violation and disregard of Mr. Staten's constitutional rights and protections, requiring the filing of this lawsuit.

*Plaintiff's Original Complaint*

10.     Specifically, on or about July 31, 2015, an employee of DPD, known only as Officer Rojas, tried to force his way into the business located at 3421 Merrifield Avenue, Dallas, Texas 75223 (herein "premises") in order to conduct an unlawful search while acting under color of state law and in the course and scope of his employment as a law enforcement officer with Defendant City.

11.     At all material times, Plaintiff was the owner and operator of the business located on the premises. While in the presence of Plaintiff's business patrons, Officer Rojas proceeded to make false and defamatory statements, directing many remarks to some of the customers.

12.     Plaintiff followed proper protocol to file a complaint, addressing the misconduct, through the Dallas Police Department Internal Affairs Divisions. Although the DPD Internal Affairs Division did not address Plaintiff's complaint, since that date, DPD has consistently harassed and mistreated Plaintiff, mounting to malicious prosecution and false arrest in late 2018.

13.     In 2016, Officer Dan Collins, badge #9176, and Officer Ed Anaya, badge #5440, each acting under color of state law and in the course and scope of his employment as a law enforcement officer with Defendant City, suddenly and without warning, forced their way into the premises. DPD Officers Collins and Anaya verbally assaulted and tried to physically intimidate Mr. Staten, in an effort to coerce Plaintiff into signing an Affidavit implicating another in the theft of a motorcycle.

14.     At all times material, Plaintiff expressed his desire for counsel multiple times, however, both of Defendant City's hostile employees, unconstitutionally ignored Plaintiff's invocation of his right to counsel.

15.     Before their departure, as a result of Plaintiff's refusal to sign the Affidavit, Officer Collins and Officer Anaya made threatening remarks, indicating that Plaintiff would become the 'target' of their investigation.

4

*Plaintiff's Original Complaint*

16.     Subsequently, on April 3, 2016, Plaintiff was arrested by DPD and charged with the offense of Theft 2500, despite DPD, having no probable cause or reasonable suspicion to believe that Plaintiff had committed a crime. Only year later, on April 5, 2017, the State of Texas requested that cause number F-1675385 be dismissed after being unable to make its prima facie case, having no evidence that could prove the case.

17.     The arrest and malicious prosecution of the charges have caused and continue to cause damage to the Plaintiff's reputation and business.

18.     In another instance, on or about May 27, 2016, DPD Detective Greg Fregeau, badge #7732, unlawfully seized a 2016 BMW 740I from the premises, along with all the vehicle's purchase and ownership documents. Detective Fregeau was acting under color of state law and in the course and scope of his employment with Defendant City at all times material.

19.     Moreover, at all relevant times, Plaintiff's corporate enterprise was legally the then recorded owner of the said vehicle.

20.     After an extended investigation, on or about June 23, 2016, DPD allowed Plaintiff to pay the impound fees to release the vehicle into his possession from the official DPD Auto Pound located at 1955 Vilbig Road, Dallas, Texas 75208.

21.     Suddenly and without warning, four (4) days later, on June 27, 2016, a squad of DPD Officers disrupted Plaintiff' neighborhood, surrounding Shomari Staten's home, demanding that the same vehicle be released back to DPD. Again, under the direction of Detective Fregeau, despite Plaintiff's willingness to comply with a warrant for the vehicle, DPD Officers kicked in Plaintiff's front door. DPD took the vehicle without detaining or arresting Plaintiff.

22.     On or about July 10, 2016, Plaintiff was at his residential address, when unknown DPD Officers made unlawful entry into the home without a warrant. Despite Plaintiff's compliance, Mr.

*Plaintiff's Original Complaint*

Staten was held at gun point and physically assaulted, before the Officers "realized he was the homeowner" and they "had made a very serious error."

23.     The harassment was ongoing on or about August 5, 2016, when DPD Detective Fregeau directed that Plaintiff be arrested while in the Dallas County Tax Office. Plaintiff was charged in *Collin County, Texas (emphasis added)* with felony theft of property greater than $30,000 but less than $150,000 for the offense occurring on June 26, 2016. In addition, on that day, unknown DPD Officers executed another search warrant on the premises and seized multiple sets of Plaintiff's business records.

24.     Cause number 401-80672-2017 came before the 401st District Court, Collin County, Texas, and on October 3, 2018 Plaintiff was acquitted of all charges. At trial, Defendant City's Detective, Greg Fregeau, openly admitted that he never believed Plaintiff was involved in the alleged theft and indicated that DPD efforts were to prosecute Plaintiff.

25.     Despite Plaintiff's innocence and subsequent acquittal, this public arrest and malicious prosecution of the false charges have caused and continue to cause damage to the Plaintiff, prohibiting viable business opportunities and permanently soiling Shomari Staten's business and personal reputation.

26.     On or about April 19, 2018, DPD Officers arrived on the premises in connection with a dispute that was not related the Plaintiff and/or his business operations. There was no probable cause or reasonable suspicion to believe that Plaintiff had committed a crime that would require him to be detained, arrested, and interrogated. There is no evidence that Plaintiff posed a threat nor was anyone in danger by his presence in the immediate area. Plaintiff was violently attacked and assaulted by Defendant City's employee, known only as Officer Nguyen, badge #10740. As Officer Nguyen was acting under color of state law and in the course and scope of his employment as a law enforcement

*Plaintiff's Original Complaint*

officer with Defendant City, several of Plaintiff's business patrons witnessed DPD's willingness to recklessly disregard Plaintiff's civil rights and continue in a dangerous pattern of abuse of authority and harassment.

27.     Most recently, on Friday, April 20, 2018, Plaintiff was at his place of business on the premises, when suddenly and without warning, a group of unknown DPD officers stormed the location. Based on all information and belief, the DPD offices arrived at the located under the direction of the Defendant City's employees, known as Detective J. Thompson, badge #8837 and Detective Joshua Shipp, badge #9163.

28.     At all relevant times, the said Detectives and DPD officers were on the premises, acting under color of state law and in the course and scope of employment as a law enforcement with the Defendant, looking for an individual who allegedly committed acts of domestic violence. DPD Officers knew and/or had reason to know that Plaintiff was not the individual they were seeking. Moreover, DPD officers knew and/or had reason to know that Plaintiff was not involved in the incident of domestic violence.

29.     There is no evidence that Plaintiff posed a threat or that anyone was in danger by his presence in the immediate area. There were no struggles that would indicate that the use of excessive force was justified. Plaintiff had committed no crime that would require him to be detained, arrested, and interrogated.

30.     Without cause, Plaintiff was assaulted and detained by Defendant's employee, known only as Officer Lowman, badge# 10352, and forcefully placed into the back of a squad car in handcuffs. Detectives assured Plaintiff that he was not involved, yet refused to release him from the vehicle.

31.     The handcuffs that Officer Lowman placed on Plaintiff were unreasonably tight, causing excruciating pain throughout his wrists and shoulders. In addition, Mr. Staten sat in the squad car

*Plaintiff's Original Complaint*

for over an hour, his legs began to experience sharp pain and discomfort. All the while, Officer Lowman was nearby making derogatory remarks about Plaintiff.

32.     Plaintiff remained restrained in the vehicle, while several of his business patrons stood witnessing yet another turbulent situation, resulting in further damages and a negative impact to his reputation as a credible car salesman.

33.     Although he had been advised that he would be promptly released from the squad car, DPD Officer Lowman then falsely arrested Plaintiff, and took him from the premises to the DPD Headquarters. Upon arrival Officer Lowman did not remove the firm grip of the handcuffs, and again assaulted Plaintiff as he removed him from the vehicle. Officer Lowman then aggressively put Plaintiff into an interrogation room.

34.     After more than an hour, Detective Shipp entered the interrogation room and began questioning Plaintiff about an incident, of which Plaintiff had no knowledge.  Upon the persistence of Detective Shipp, Plaintiff asserted his right to an attorney. Nevertheless, Detective Shipp continuously attempted to interrogate Mr. Staten, despite the numerous requests to invoke his rights to consult with his attorney.

35.     At no time did any DPD Officer or Detective explain to Mr. Staten why he had been placed under arrest. Likewise, Mr. Staten did not understand why he was treated like a criminal and handled so aggressively, when he had already been advised that DPD was aware that Mr. Staten was not involved in the matter. At no time did the DPD Officers or Detectives explain to Mr. Staten why he had been harassed, detained and/or arrested.

36.     Upon his release, Mr. Staten was advised that even though he was taken by the Defendant's employees to the DPD headquarters, it was up to Mr. Staten to find his own way back to his place of business late at night. Moreover, Mr. Staten was told by Detective Shipp that his business had

*Plaintiff's Original Complaint*

been declared a "crime scene" and informed him that he would be promptly arrested if he returned to the premises.

37.     Accordingly, Mr. Staten did not return to the premises, but instead parked in a nearby lot to observe the ongoing police activity at the location. At approximately 4:00 a.m. on April 21, 2018, Mr. Staten noticed a Dallas Fire Department vehicle enter the premises where his business is situated. Mr. Staten approached the DPD Officers, including Detective Shipp, and notified the officers and fire department that he was the owner of the location and attempted to volunteer the keys for entry to avoid any damages to his property. Detective Shipp and the other DPD Officers nevertheless ignored his offer to mitigate damages and instructed the fire department to cut through the front door of the business location. Moreover, Mr. Staten's repeated request to see any search warrant that had been issued for his business were completely disregarded by Detective Shipp, until Plaintiff began recording the ordeal on his cell phone.

38.     Upon gaining entry to the premises, Detective Shipp seized personal property of Mr. Staten, in addition to property belonging to the business on the premises.

39.     Following the horrific ordeal, Mr. Staten retained the services of a private investigator in order to make an effort to understand what occurred on his premises that day and why he was assaulted, detained, and interrogated without cause. Plaintiff was astonished to learn that DPD ventured onto his premises, based on a false report made by Chastity Lynch, who is unrelated to Plaintiff in any manner. As of the date of this filing, all allegations asserted by Chastity Lynch have been found to be untrue. Based on all information and belief, the investigation into this matter has concluded, however to date, Detective Shipp has refused and continues to refuse to return the seized items.

*Plaintiff's Original Complaint*

40.    On the night that Plaintiff was viciously assaulted and falsely arrested by DPD Officers and Detectives, there was no probable cause or reasonable suspicion to believe that Plaintiff had committed a crime. In fact, the DPD officers and detectives had advised Plaintiff that they knew he was not involved in the matter while he was restrained in the squad car.

41.    As a direct result of this incident, Plaintiff's professional reputation and his business has been impacted in negative manner. Moreover, due to the misconduct and excessive force of Officer Lowman, Plaintiff suffered significant injuries as well as pain and suffering and mental anguish.

42.    The City of Dallas, the DPD and the Policymakers have a longstanding record of not providing DPD officers with adequate training and not preventing excessive force claims. Moreover, the City, DPD, and the Policymakers have failed to provide Officers and Detectives with adequate training on proper arrest and confrontation and/or interrogation techniques.

43.    No reasonably competent official would have concluded that the actions of the Defendant's Officers and Detectives outlined hereinabove would not violate Plaintiff's constitutional rights. In other words, no reasonably prudent police officer under similar circumstances could have believed that Defendant City's conduct was justified nor reasonable.

44.    Defendant's unlawful and unwarranted acts, lack of training and the official customs or policies of the DPD caused Plaintiff's injuries.

**V.**
**CAUSES OF ACTION**

**COUNT I: CRIMINAL MALICIOUS PROSECUTION**

45.    Plaintiff hereby incorporates the foregoing paragraphs 1-44 as though fully set forth herein.

46.    To prevail on a malicious prosecution claim in Texas, the Fifth Circuit requires the Plainitff show that (1) a criminal action was commenced against him; (2) the prosecution was caused by the defendant or with his aid; (3) the action terminated in the plaintiff's favor; (4) the plaintiff was

*Plaintiff's Original Complaint*

innocent; (5) the defendant acted without probable cause; (6) the defendant acted with malice; and (7) the criminal proceeding damaged the plaintiff. *Brown v. United States*, 653 F. 2d 196, 198 (5th Cir. 1981), *cert denied,* 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982). Since 2016, Plaintiff has been arrested at least twice and Defendant City's Officers and Detectives has commenced criminal prosecution against the Plaintiff.

47.     Based on all information and belief, the actions of Defendant and/or it's employees were initiated in July 2016, in retaliation of Plaintiff making an the Internal Affairs complaint against Officer Rojas. DPD Officers and Detectives described above have initiated and/or continued the cases against Plaintiff with an improper purpose.

48.     Plaintiff has documented each instance and filed complaints with Dallas Police Department Internal Affairs Divisions as outlined above. There is reason to believe that the Defendant City and/or Defendant's employees, Officers, and Detectives are continuing malicious and retaliatory acts to prosecute Plaintiff as of the date of this filing.

49.     As indicated herein, both charges of theft which were brought against Plaintiff by Defendant City's Officer's and Detectives have been terminated in the Plaintiff's favor. Moreover, in neither case was the State of Texas able to find evidence of any reason that Plaintiff should have been arrested or charged with a crime nor probable cause for the proceedings. Accordingly, Plaintiff is innocent of all charges initiated by Defendant City's Officers and Detectives.

50.     As a direct and proximate result of the Defendant City' conduct, Plaintiff has sustained substantial damages and pecuniary loss.

## COUNT II: EXCESSIVE FORCE BY DEFENDANT (42 U.S.C. §1983)

51.     Plaintiff realleges and incorporates paragraphs 1-50 by reference, as though fully set forth here, each and every allegation set forth in the above Paragraphs.

*Plaintiff's Original Complaint*

52.     This cause of action is brought pursuant to 42 U.S.C. §1983 and the United States Constitution, including but not limited to the Fourth Amendment right against unlawful search and unreasonable search, seizure, and excessive force by means of unwarranted threats, and the right to be free from unlawful detention and/or arrest by police officers acting under color of law.

53.     Plaintiff would show that Defendant City's actions on the occasion in question were wrongful, malicious and reckless in depriving Plaintiff Shomari Staten of his constitutional rights, as alleged more fully below.

54.     Plaintiff would show that at all times material hereto, Defendant City had a duty to avoid infliction of unjustified bodily injury to Plaintiff, to protect his bodily integrity and to not violate his constitutional rights.

55.     Plaintiff would show that DPD failed to act as a reasonable official would have acted in the same or similar circumstances. That is, Defendant City's Officers, without justification and the need to do so, have used excessive force as described above without legal justification.

56.     On or about July 10, 2016, Plaintiff was at his residential address, when unknown DPD Officers made unlawful entry into the home without a warrant. Despite Plaintiff's compliance, Mr. Staten was held at gun point and physically assaulted, before the Officers "realized he was the homeowner" and they "had made a very serious error."

57.     On or about April 19, 2018, DPD Officers arrived on the premises in connection with a dispute that was not related the Plaintiff and/or his business operations. There was no probable cause or reasonable suspicion to believe that Plaintiff had committed a crime that would require him to be detained, arrested, and interrogated. There is no evidence that Plaintiff posed a threat nor was anyone in danger by his presence in the immediate area. Plaintiff was violently attacked and assaulted by Defendant City's employee, known only as Officer Nguyen, badge #10740. As Officer Nguyen was

12

*Plaintiff's Original Complaint*

acting under color of state law and in the course and scope of his employment as a law enforcement officer with Defendant City, several of Plaintiff's business patrons witnessed DPD's willingness to recklessly disregard Plaintiff's civil rights and continue in a dangerous pattern of abuse of authority and harassment.

58.     On April 20, 2018, without cause, Plaintiff was assaulted and detained by Defendant's employee, known only as Officer Lowman, badge# 10352, and forcefully placed into the back of a squad car in handcuffs. Detectives assured Plaintiff that he was not involved, yet refused to release him from the vehicle.

59.     On each of dates the events in question occurred, Plaintiff never made any threatening gestures towards a DPD officer nor has Plaintiff ever posed an immediate threat to the safety of DPD officers or others.

60.     Plaintiff would show that Defendant had denied Plaintiff his right to be free from the use of excessive force in violation of the Fourth Amendment to the United States Constitution. Plaintiff would further show that Defendant City's employees were acting within custom, policy, practice and/or procedure of the DPD at the time of the incidents in regard to the use of force as authorized and/or ratified by the Policymakers, specifically, Mayor Rawlings, and DPD Chief Hall.

61.     The force used by DPD Officers has been unnecessary, excessive and unreasonable under the circumstances. Defendant City's Officers and Detectives embarked on a willful, malicious, reckless and outrageous course of conduct that was intended to cause and, in fact, caused Plaintiff to suffer extreme and severe mental and emotional distress, agony and anxiety, as Plaintiff did not pose an immediate threat.

62.     Defendant City acted specifically with the intent to deprive Plaintiff of the following rights under the United States Constitution:

*Plaintiff's Original Complaint*

a. Freedom from unreasonable searched;

b. Freedom from unreasonable seizures in the form of unlawful detention and/or arrest by police officers;

c. Freedom from a deprivation of Liberty without due process of law;

d. Freedom from summary punishment;

e. Freedom from threat of harm under color of law; and

f. Freedom to move about freely as a citizen of the United States of America.

63. Defendant DPD officers acted at all times knowing that their conduct was unlawful and in violation of the Fourth  Amendment and the laws of Texas. However Defendants knew that Defendant City, acting through the chief policymaker, would ratify, condone, and acquiesce to his specific acts of intimidation and abusive conduct through unauthorized, yet established practices, customs and procedures and thus did not fear any repercussion from Defendant City in taking the unlawful actions against Plaintiff.

64. By reason of the mentioned acts and omissions of Defendants, Plaintiff was caused to incur special damages, including medical expenses and loss of earnings, and general damages in an amount to be proved at trial.

65. By reason of the mentioned acts and omissions of Defendants, Plaintiff was required to retain counsel to institute and prosecute this action, and Plaintiff request payment by Defendants of a reasonable sum as and for attorney's fees pursuant to 42 U.S.C.A § 1988.

66. The mentioned acts of Defendant DPD were willful, wanton, malicious and oppressive, thereby justifying the awarding of exemplary and punitive damages as to the individually-named Defendants.

*Plaintiff's Original Complaint*

67.     As a result of these Constitutional violations to Plaintiff and the injuries he sustained, Plaintiff seeks compensation as set forth more specifically in the section of this Complaint entitled Damages.

### COUNT III: UNLAWFUL SEIZURE OF A PERSON 42 U.S.C. § 1983

68.     Plaintiff incorporates by reference paragraphs 1-67 as if fully set forth herein.

69.     As described hereinabove, employees and agents of Defendant DPD, acting under color of law, unlawfully detained Plaintiff without probable cause, or reasonable suspicion that any violation or crime had been committed. Those actions violated Plaintiff's rights to due process, to equal protection, give rise to Plaintiff's claims pursuant to the Fourth Amendment to the Constitution of the United States and 42. U.S.C. § 1983, and their counterparts in the Texas Constitution.

70.     Defendant's employee's and/or agent's detained Plaintiff for such an unreasonable amount of time, and thereby constructively placed Plaintiff under arrest.

71.     During his arrest, Plaintiff was handcuffed and driven from the premises around the City of Dallas, Texas to the DPD Headquarters. Plaintiff was placed in an interrogation room and questioned by Detective Shipp, despite Plaintiff invoking his right to counsel.

72.     Defendant lacked probable cause to arrest Plaintiff.

73.     Defendant did not obtain a warrant to arrest Plaintiff.

74.     Defendant did not stop the interrogation process after Plaintiff's unequivocal and timely assertion of his right to counsel.

75.     The City violated Plaintiff's constitutional rights to due process, equal protection, and not to be detained without probable cause or reasonable suspicion when the Defendants

*Plaintiff's Original Complaint*

arrested and wrongfully detained Plaintiff. Plaintiff was placed in handcuffs and placed in the squad car, despite not committing a penal offense or being suspected of committing a crime.

76.     Defendant City, by and through it's officers and detectives, deprived Plaintiff of his Fourth Amendment rights to be secure in his person by arresting him. The arrest of Plaintiff was wrongful, without probable cause and deprived Plaintiff of his Fourth Amendment right to be free of unreasonable seizures.

77.     Plaintiff did not pose an immediate threat to the safety of the DPD Officers, Detectives, nor others. He was not actively resisting arrest or attempting to evade arrest by flight. Defendant's conduct was objectively unreasonable, resulted from a lack of training, and comported with The City Dallas' illegal de facto policies.

78.     As a result, Plaintiff suffered an injury which resulted directly from his wrongful detention and/or seizure which was objectively unreasonable and violation of clearly established law.

79.     The officers failed to use an objectively reasonable assessment of the facts when they chose to detain Plaintiff where there was no probable cause or reasonable suspicion that a crime had been committed or was about to be committed.

80.     The officers' conduct was well defined by law and they knew or should have known that the conduct was below the standard prescribed by law herein.

81.     The actions of Defendant proximately caused damages to Plaintiff in loss of liberty, embarrassment, humiliation, pain and suffering and mental and emotional distress.

82.     As a result of the violations of the Constitutional standards set forth herein, Plaintiff was treated inhumanely and incurred extreme pain and injury when he was wrongfully detained for which he seeks compensation.

## COUNT IV: FAILURE TO ADEQUATELY SUPERVISE OR DISCIPLINE AND RATIFICATION CLAIM

*Plaintiff's Original Complaint*

83.     Plaintiff incorporates the above paragraphs 1-82 by reference, as if fully set forth herein.

84.     With respect to the § 1983 claims against the individual officer defendants in their official capacities, Courts note that suits against individual officials in their official capacities are treated as suits against the authority itself. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978) To succeed on a claim for supervisory liability, a plaintiff must show that: (1) the supervisor failed to train or supervise the officer, (2) a causal connection existed between the failure to train or supervise and the violation of the plaintiff's rights, and (3) such failure to train or supervise amounted to deliberate indifference. *Smith v. Brenoettsy,* 158 F. 3d 908, 911-12 (5th Cir. 1998); *Taylor Indp. Sch. Dist.,* 15 F. 3d at 452-54 (adopting the *City of Canton v. Harris,* 489 U.S. 378 (1989), standard of municipal liability). A supervisor's failure to take remedial actions regarding a miscreant officer may result in supervisory liability where it amounts to deliberate indifference. *Aponte Matos v. Toledo Davila,* 135 F. 3d 182, 192 (1st Cir. 1998).  To demonstrate deliberate indifference a plaintiff must usually show proof of more than a single instance of lack of training or supervision causing a violation of constitutional rights. *Thompson v. Upshur Cty.,* TX, 245 F. 3d 447, 459 (5th Cir. 2001) On Plaintiff's governmental liability claim against Defendant City of Dallas for failing to supervise or discipline its officers for prior violations and the resulting lack of supervision:

a) the City of Dallas failed to adequately supervise and/or discipline its employees in handling usual and recurring situations with which they deal;

b) the City of Dallas was deliberately indifferent to the need to supervise and/or discipline its officers and/or employees adequately; and

c) the failure to adequately supervise and/or discipline its officers proximately caused the deprivation of Shomari Staten's constitutional rights.

85.     As a direct and proximate result of the City of Dallas' failure to adequately supervise or discipline its officers, Plaintiff has suffered damages.

*Plaintiff's Original Complaint*

## COUNT V: FIRST AMENDMENT RETALIATION

86.      Plaintiff incorporates the preceding paragraphs 1-85 by reference herein.

87.      Plaintiff believes, and therefore avers, that Plaintiff's complaints to the DPD Internal Affairs Division concerning the disturbing pattern of behavior and harassment against Plaintiff by Defendant City's officers and detectives caused Defendant to retaliate against Plaintiff.

88.      As described herein, DPD officers and detectives have assaulted plaintiff verbally and physically, detained Plaintiff in the squad car, falsely arrested and prosecuted the charges without probable cause, improperly interrogating Plaintiff as well as damaged and unlawfully seized Shomari Staten's property.

89.      Plaintiff's reports and complaints to Internal Affairs asserting his right to be free from harassment by the DPD was protected First Amendment activity.

90.      Defendant's retaliation was unlawful and would chill an ordinary person in the exercise of First Amendment rights, namely verbally asserting their rights to peace officers.

91.      As a result of Defendant's conduct, Plaintiff suffered damages.

92.      Defendant acted willfully, knowingly and purposefully and/or with deliberate indifference to deprive Plaintiff of his Constitutional Rights. As a result of the nature of Defendant's conduct, Plaintiff is entitled to recover punitive damages against the individual Defendant.

## COUNT VI: FALSE ARREST AND IMPRISONMENT

93.      Plaintiff incorporates the preceding paragraphs 1-92 by reference herein.

94.      Defendant, by ant through it's employees, agents, officers, and/or detectives intentionally confined Plaintiff in the squad car and interrogation room without consent.

95.      Defendant knew, or should have known, that they had no lawful authority to detain Plaintiff, but nevertheless confined Plaintiff, transported him, held him against him will for questioning, and then released him onto the streets of Dallas without transportation in the middle of the night.

*Plaintiff's Original Complaint*

96.     Defendant City's conduct constituted false imprisonment of Plaintiff.

97.     As a result of the false imprisonment, Plaintiff suffered damages.

**COUNT VII: TEXAS STATE LAW CLAIM- ASSAULT AND BATTERY**

98.     The allegations set forth in the preceding paragraphs 1-97 are hereby incorporated by reference.

99.     As a pendent state cause of action, at all times material and relevant herein, Defendant City, by acts and/or omissions and under color of state law did then and there intentionally, knowingly, and/or recklessly cause personal injury and/or severe personal injury to Plaintiff through uncontested physical contact with Plaintiff.

100.    Under Texas law, the cause of action for excessive force is simply one for assault and battery. Consequently, Plaintiff alleges that Defendant City committed an assault upon them when Officers have intentionally, knowingly, and/or recklessly assaulted Shomari Staten. At no time prior to or during any assault did Plaintiff consent. Said assaultive conduct by Defendant was committed intentionally, knowingly, and/or recklessly and was the proximate cause of bodily and emotional injuries to Plaintiff. Said injuries were the direct and immediate consequence of Defendant City's wrongful act and a natural and direct result of the assault.

101.    At no time was Defendant City privileged to take the action as force was not necessary. Moreover, Defendant's assault and battery of Plaintiff was not objectively reasonable when balancing the amount of force used against the need for force. Examined in a different light, at no time was Plaintiff fleeing or about to flee, nor was anyone, including the DPD officers, ever in danger.

*Plaintiff's Original Complaint*

# VI.
# <u>DAMAGES</u>

102.    Plaintiff incorporates the foregoing paragraphs 1-101 by reference as if fully set forth herein.

Defendants' acts and/or omissions were a proximate cause of the following Injuries suffered by

Plaintiff:

      a. Actual damages;

      b. Loss of wages;

      c. Loss of quality of life;

      d. Disfigurement;

      e. Punitive and exemplary damages against Defendant DPD sued in their individual capacity

in an amount sufficient to deter and make an example of Defendant

      f. Pain and suffering

      g. Mental anguish and emotional distress suffered by Plaintiff;

      h. Medical expenses;

      i. Pre- and post-judgment interest

      j. Pursuant to 42 U.S.C §1988, and other applicable laws, Plaintiff should be awarded

reasonable attorney's fees for the preparation and trial of this cause of action, and for its appeal, if

required and costs of suit; and

      k. Such other and further relief as this Honorable Court deems just and proper

103.    As a proximate result of defendants' actions, Plaintiff suffered and will continue to suffer a

loss of life's pleasure, emotional distress, humiliation, psychological disturbance, loss of well-being,

limitations and restrictions on his ability to engage in normal activities and enjoy the normal

activities and pleasures of life and other injuries, losses and damages.

*Plaintiff's Original Complaint*

104.    As a proximate result of the actions of Defendants, Plaintiff will be prevented from performing his usual activities, avocations and duties.

105.    By reason of the actions of Defendants as aforesaid, Plaintiff has suffered physical pain, mental anguish and humiliation and he may continue to suffer same for an indefinite period of time in the future.

106.    By reason of the actions and statutory violations of Defendants as aforesaid, Plaintiffs daily employment activity has been interfered with, causing economic and no-economic damages thereby suffering a loss of earnings and/or impairment of earning capacity.

107.    Plaintiff seeks unliquidated damages in an amount that is within the jurisdictional limits of the court.

## VII.
## PUNITIVE/EXEMPLARY DAMAGES

108.    Plaintiff incorporates by reference paragraphs 1-107 as if fully set forth herein. Additionally and in the alternative, the conduct of Defendants was done with malice. As such, Plaintiff requests punitive and exemplary damages to deter this type of conduct in the future. Such unconscionable conduct goes beyond ordinary negligence, and as such, Plaintiff requests punitive and exemplary damages be awarded against Defendants in a sum which is within the jurisdictional limits of this Court.

## VIII.
## COSTS AND ATTORNEY FEES

109.    Plaintiff incorporates by reference paragraphs 1-108 as if fully set forth herein. Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C § 1988(b). As such, Plaintiff requests the Court to award costs and attorney's fees incurred in Plaintiff's prosecution of this litigation.

*Plaintiff's Original Complaint*

## IX.
## CONDITIONS PRECEDENT

110.    Plaintiff reserves his rights to plead and prove the damages to which they are entitled to at the time of trial. All conditions to Plaintiff's recovery have been performed or have occurred.

## X.
## TRIAL BY JURY

111.    Plaintiff has paid a jury fee and demands trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein; that upon final trial hereof Plaintiff has and recovers judgment from Defendant:

a.      Actual and compensatory damages sufficient to make him whole;

b.      Punitive damages against Defendant sufficient to punish them and to deter further wrongdoing;

c.      Injunctive relief sufficient to protect Plaintiff from the ongoing harassment and intimidation of Defendant;

d.      Attorneys' fees,

e.      Pre-judgment interest at the legal rate;

f.      Post-judgment interest at the legal rate;

g.      Costs of court;

h.      Such other and further relief, both general and special, at law and in equity, to which Plaintiff is justly entitled.

Respectfully Submitted,

/s/ *S. Lee Merritt*_____

*Plaintiff's Original Complaint*

S. Lee Merritt
Attorney ID No: 314891
123 S. Broad Street, Suite 2250
Philadelphia, PA 19109
(215) 545-8800
slm@merrittatlaw.com

*/s/ Justin A. Moore*_____
Justin A. Moore
TxBN: 24088906
The Law Office of Justin A. Moore
1801 N. Hampton Rd. Suite 333
DeSoto, Texas 75115
Tel: (214) 794-1069
Justin@moorejustice.net

23