IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SHOMARI STATEN,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:19-CV-843-L-BN** |
| | § | |
| **CITY OF DALLAS; THE DALLAS** | § | |
| **POLICE DEPARTMENT; BRYAN** | § | |
| **RODEN; WILLIAM MCDONALD;** | § | |
| **LEQUITA GARRETT; TU NGUYEN;** | § | |
| **JERRY THOMPSON; RYAN LOWMAN;** | § | |
| **BOZ ROJAS; DAN COLLINS;** | § | |
| **ED ANAYA; GREG FREGEAU;** | § | |
| **JOSHUA SHIPP; JERRI ROWE; and** | § | |
| **NICHOLAS STOLARZYK,** | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the court are the three Motions to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by the Dallas Police Department ("DPD") (Doc. 6); the City of Dallas ("the City") (Doc. 7); and Dallas Police Officers Bryan Roden, Jerry Thompson, Boz Rojas, Dan Collins, Ed Anaya, Greg Fregeau, and Jerri Rowe ("Officer Defendants") (Doc. 8). On January 17, 2020, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") were entered (Doc. 21), recommending that the court grant the DPD's Motion to Dismiss in its entirety and dismiss with prejudice all claims asserted against it by Plaintiff. In addition, the magistrate judge recommends that the court grant the City's Motion to Dismiss, and grant in part and deny in part the Officer Defendants' Motion to Dismiss as follows:

Order – Page 1

(1) grant the City's Motion to Dismiss with respect to *all state tort claims* asserted against it and dismiss with prejudice all such claims;

(2) grant the City's Motion to Dismiss with respect to *all constitutional claims* asserted against it but dismiss without prejudice these claims and allow Plaintiff to amend his pleadings as to these claims;

(3) grant the Officer Defendants' Motion to Dismiss with respect to *all state tort claims* asserted against them and dismiss with prejudice these claims;

(4) grant the Officer Defendants' Motion to Dismiss with respect to Plaintiff's First Amendment retaliation claim and Fourth Amendment excessive force claim but dismiss without prejudice *these constitutional claims* and allow Plaintiff to amend his pleadings as to these claims; and

(5) deny the Officer Defendants' Motion to Dismiss with respect to Plaintiff's Fourth Amendment claim based on unlawful seizure against Officer Thompson in his personal capacity.

No objections to the Report were filed.

Having considered the motions, pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **grants** the DPD's Motion to Dismiss (Doc. 6) and **dismisses with prejudice** all claims asserted by Plaintiff against it. The court also **grants** the City's Motion to Dismiss and **grants in part and denies in part** the Officer Defendants' Motion to Dismiss (Doc. 7, 8) as follows:

(1) the City's Motion to Dismiss with respect to *all state tort claims* asserted against it is **granted**, and these claims are **dismissed with prejudice**;

(2) the City's Motion to Dismiss with respect to *all constitutional claims* asserted against it is **granted**, and these claims are **dismissed without prejudice**;

(3) the Officer Defendants' Motion to Dismiss with respect to *all state tort claims* asserted against them is **granted**, and these claims are **dismissed with prejudice**;

(4) the Officer Defendants' Motion to Dismiss with respect to Plaintiff's *First Amendment retaliation claim and Fourth Amendment excessive force claim* is **granted**, and these constitutional claims are **dismissed without prejudice**; and

(5) the Officer Defendants' Motion to Dismiss with respect to Plaintiff's *Fourth Amendment claim based on unlawful seizure against Officer Thompson in his personal capacity* is **denied**.

Plaintiff may file a second amended complaint that includes all claims that the court has dismissed without prejudice, as well as the claim against Officer Thompson, which was not dismissed. If Plaintiff wishes to assert claims other than those permitted by this order in an amended pleading, he must first seek and obtain leave from the magistrate judge. Any amended complaint by Plaintiff must be filed by **March 5, 2020**, unless such deadline is extended by the magistrate judge upon motion by Plaintiff. *If Plaintiff fails to file an amended complaint by this date in accordance with this order or another date ordered by the magistrate judge upon motion by Plaintiff, the court will sua sponte amend this order without further input from the magistrate judge to dismiss with prejudice under Rule 12(b)(6) all of the claims that were previously dismissed without prejudice.*

Further, the court notes that this order and the magistrate judge's Report do not address the claims asserted by Plaintiff against Officers William McDonald, LeQuita Garrett, Tu Nguyen, Ryan Lowman, Joshua Shipp, or Nicholas Stolarzyk, as these Defendants have not yet made an appearance in this case. A summons as to these Defendants was issued by the clerk of the court on April 5, 2019, shortly after this action was filed, but there is no indication from the docket sheet that they have been served by Plaintiff, even though the time for doing so under Federal Rule of Civil Procedure 4(m) has long since passed. When service is not made on a defendant within 90 days after filing of the complaint, the court may, after notice to the plaintiff, dismiss the action as to that defendant without prejudice, or, instruct the plaintiff to effect service within a specific time. Fed. R.

Civ. P. 4(m).  Plaintiff is hereby **directed** to effect service on Officers William McDonald, LeQuita Garrett, Tu Nguyen, Ryan Lowman, Joshua Shipp, and Nicholas Stolarzyk no later than **March 5, 2020**, or show good cause in writing by **March 5, 2020**, for the failure or inability to effect service on these Defendants.  *Plaintiff's second amended complaint may include claims against these unserved Defendants; however, failure of Plaintiff to effect service or show good cause in writing for such failure by the deadline set by the court will result in dismissal without prejudice of this action against these Defendants under Federal Rules of Civil Procedure 4(m).*

**It is so ordered** this 4th day of February, 2020.

Sam A. Lindsay
United States District Judge