IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SHOMARI STATEN,                      §
                                     §
            Plaintiff,               §
                                     §
V.                                   §        No. 3:19-cv-843-L-BN
                                     §
CITY OF DALLAS, ET AL.,              §
                                     §
            Defendants.              §

**MEMORANDUM OPINION AND ORDER DIRECTING
CLERK TO NOT ENTER DEFAULT**

Plaintiff Shomari Staten, through counsel, alleges constitutional violations

against the City of Dallas and multiple Dallas police officers. *See, e.g.,* Dkt. No. 28.

United States District Judge Sam A. Lindsay referred Staten's lawsuit to the

undersigned United States magistrate judge for pretrial management under 28 U.S.C.

§ 636(b). *See* Dkt. No. 5.

**Applicable Background**

On February 4, 2020, the Court accepted the undersigned's recommendation

[Dkt. No. 21], to which no objections were made; granted in full or in part three Federal

Rule of Civil Procedure 12(b)(6) motions to dismiss [Dkt. Nos. 6, 7, & 8] Staten's

amended complaint [Dkt. No. 4]; and ordered that

> Plaintiff may file a second amended complaint that includes all claims
> that the court has dismissed without prejudice, as well as the claim
> against Officer Thompson, which was not dismissed. If Plaintiff wishes
> to assert claims other than those permitted by this order in an amended
> pleading, he must first seek and obtain leave from the magistrate judge.
> Any amended complaint by Plaintiff must be filed by March 5, 2020,
> unless such deadline is extended by the magistrate judge upon motion by
> Plaintiff.

Dkt. No. 22 at 3 (emphasis omitted).

The Court further observed that Staten's claims against several defendants named in the amended complaint were yet to be addressed:

> A summons as to these Defendants was issued by the clerk of the court on April 5, 2019, shortly after this action was filed, but there is no indication from the docket sheet that they have been served by Plaintiff, even though the time for doing so under Federal Rule of Civil Procedure 4(m) has long since passed. When service is not made on a defendant within 90 days after filing of the complaint, the court may, after notice to the plaintiff, dismiss the action as to that defendant without prejudice, or, instruct the plaintiff to effect service within a specific time. Plaintiff is hereby directed to effect service on Officers William McDonald, LeQuita Garrett, Tu Nguyen, Ryan Lowman, Joshua Shipp, and Nicholas Stolarzyk no later than March 5, 2020, or show good cause in writing by March 5, 2020, for the failure or inability to effect service on these Defendants.

*Id.* at 3-4 (citation and emphases omitted).

On March 5, 2020, Staten filed a second amended complaint. *See* Dkt. No. 28. This complaint materially differs from the amended complaint dismissed by the Court. *Compare generally* Dkt. No. 4, *with* Dkt. No. 28. The now-operative complaint, for example, more fully identifies which officer allegedly caused which alleged constitutional violation. *Cf.* Dkt. No. 21 at 22-23 (discussing the amended complaint's widespread use of the term Defendants, observing that, "before addressing the facts supporting Staten's Fourth Amendment claims for excessive force (based specifically on events on July 10, 2016 and April 19 and 20, 2018, *see* Dkt. No. 4, ¶¶ 57-59) and unlawful seizure (similarly based on his arrest(s)), the Court must consider each Officer Defendant's alleged role as to these claims").

Plaintiff also filed on March 5 summons returns from Defendants McDonald,

Garrett, Stolarzyk, Nguyen, and Lowman. *See* Dkt. Nos. 23-27. All five returns reflect service on either May 11 or May 14, 2019. *See id.* And, as to these defendants, Plaintiff moves for entry of default, because each defendant "failed to plead or otherwise respond to Plaintiff's First Amended Complaint within the twenty-one (21) days required by Federal Rule of Civil Procedure 12(a)(1)(A)(i) and default is therefore warranted." Dkt. Nos. 29 & 30.

## Legal Standards and Analysis

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. *See* FED. R. CIV. P. 55(a). "This first step, entry of default, is a ministerial matter performed by the clerk and is a prerequisite to a later default judgment." *Am. S. Ins. Co. v. Buckley*, No. 1:09-CV-723, 2010 WL 5654105, at *3 (E.D. Tex. Dec. 28, 2010), *rec. adopted*, 2011 WL 288604 (E.D. Tex. Jan. 27, 2011).

> Although [Federal Rule of Civil Procedure] 55(a) directs that, where a party "has failed to plead or otherwise defend" against a properly served complaint, "the clerk must enter the party'a default," "[t]he fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court to do so." 10A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2682 (4th ed. 2016). "A district judge's decision about whether he or she should perform the ministerial function of entering default that is assigned to the clerk by the text of Rule 55(a) is vested within the judge's sound discretion." *Liberty Mut. Ins. Co. v. Fleet Force, Inc.*, No. cv-09-S-773-NW, 2013 WL 3357167, at *2 (N.D. Ala. July 1, 2013) (citation omitted).

*Progressive Speciality Ins. Co. v. Estate of Mock*, No. 1:16cv220-MHT-WC, 2017 WL 3953147, at *1 (N.D. Ala. Jan. 25, 2017), *rec. adopted*, 2017 WL 3953146 (N.D. Ala. Feb. 9, 2017).

-3-

Before the Clerk (or the Court) takes this first step to initiate the default process under Rule 55, a defendant must properly be served with a summons and the operative complaint. *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999) ("[A] defendant can not make an appearance for purposes of Rule 55(b)(2) until after the plaintiff effects service and the defendant becomes susceptible to default.").[1]

Plaintiff's request for entry of default is based on service of the amended complaint in May 2019. *See* Dkt. Nos. 23-27, 29, & 30. But the Court dismissed that complaint in February 2020. *See* Dkt. No. 22. And Plaintiff has now filed a materially-different second amended complaint, *see* Dkt. No. 28, but has not offered any proof that this – the now-operative – complaint has been served on Defendants McDonald, Garrett, Stolarzyk, Nguyen, and Lowman. Plaintiff's request for entry of default as to these defendants is therefore premature.

---

[1] *See, e.g., Au v. Republic State Mortg. Co.*, Civ. No. 11-00251 JMS-RLP, 2012 WL 628843, at \*2 (D. Haw. Jan. 31, 2012) ("[C]onstruing Plaintiff's Motion as a request for the Court to direct the Clerk of this Court to enter default against Defendant Cotton under Rule 55(a), the Court finds that entry of default is not appropriate because Plaintiff did not properly serve Defendant Cotton. The Court has an affirmative obligation to determine whether it has personal jurisdiction over the defendant before considering default." (citations omitted)), *rec. adopted*, 2012 WL 612364 (D. Haw. Feb. 24, 2012); *cf. Thompson v. Johnson*, 348 F. App'x 919, 923 (5th Cir. 2009) (per curiam) ("Until [a defendant] is *properly* served," the plaintiff "cannot obtain a default judgment.") (citations omitted and emphasis added)); *Richardson v. Avery*, No. 3:16-cv-2631-M-BH, 2016 WL 7803155, at \*2 (N.D. Tex. Dec. 22, 2016) ("The docket does not reflect that compliance with the requirements of Rule 4 for service of process. Until he has been properly served, 'the defendant has no duty to answer the complaint and the plaintiff cannot obtain a default judgment.' Absent proper service of process, a court lacks personal jurisdiction over the defendant, and any default judgment against the defendant would be void." (quoting *Rogers*, 167 F.3d at 937; citations and footnote omitted)), *rec. accepted*, 2017 WL 213056 (N.D. Tex. Jan. 17, 2017).

The Court identified deficiencies in the amended complaint, including that most of its factual allegations failed to provide fair notice to the defendants named, particularly through the complain's widespread use of the term Defendants. The second amended complaint is Staten's attempt to cure these deficiencies. It should therefore be properly served on the defendants who have not appeared in this action.

In an analogous context – a request for default judgment where the original complaint was properly served and thereafter an amended complaint reflecting a material change (substitution of the party plaintiff) was filed but not served – another Texas district court found the motion for default judgment to be "procedurally and substantively defective at present." *U.S. Bank Nat'l Ass'n v. Harris*, No. 4:16-CV-00498-ALM-CAN, 2018 WL 4677809, at *1 (E.D. Tex. Mar. 14, 2018) (collecting cases, including *Netzch Premier Techs. v. Puhler Feinmahltechnick GmbH*, No. 1:16-cv-781-WTL-MPB, 2016 WL 6573886, at *2 n.2 (S.D. Ind. Nov. 7, 2016) ("The Fifth Circuit has held that a party who has not appeared but is not yet in default must be served additional pleadings in accordance with Rule 4." (citing, in turn, *Fluor Eng'rs & Constructors, Inc. v. S. Pac. Transp. Co.*, 753 F.2d 444, 449 n.7 (5th Cir. 1985) ("We find no authority directly on point, but we agree with the Norfolk & Western's suggestion that Rule 5(a) service is proper only after a party has appeared in an action."); 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1146 (4th ed.) ("[I]t is clear that amended or supplemental pleadings must be served on parties who have not yet appeared in the action in conformity with Rule 4."))))), *rec. adopted*, 2018 WL 4677800 (E.D. Tex. Apr. 4, 2018).

In sum, Staten could have moved to hold Defendants McDonald, Garrett, Stolarzyk, Nguyen, and Lowman in default months ago and – critically – before the Court's dismissal of the amended complaint and his filing of the materially-different second amended complaint. He must therefore properly serve the second amended complaint on these defendants before the Court may consider a request to hold them in default.

## Conclusion

The Court DIRECTS the Clerk of Court to not enter default against Defendants William McDonald, LeQuita Garrett, Tu Nguyen, Ryan Lowman, and Nicholas Stolarzyk.

This order terminates Dkt. No. 29.

SO ORDERED.

DATED: March 6, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE